UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

JAIME RODRIGUEZ,

                                                      Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, INSPECTOR BARRERE,
POLICE OFFICER WALTON MATOS, POLICE
OFFICER ADRIAN HARRIS, SERGEANT JOHN
MARCHELLO, POLICE OFFICER MICHAEL
INTERDONATI, POLICE OFFICER RENZO SILVA,
JOHN DOE #1,

                                                    Defendants.

**SECOND AMENDED COMPLAINT AND JURY DEMAND**
06 CV 1152 (CBA)(LB)

ELECTRONIC FILING CASE

-------------------------------------------------------------------------- x

## **PRELIMINARY STATEMENT**

1.     This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.     The claim arises from an October 22, 2005 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, <u>inter alia</u>, false arrest, false imprisonment and excessive force.

3.     Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## **JURISDICTION**

4.     This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and

supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("the Commissioner") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendant. The Commissioner is sued in his individual and official capacities.

10. Inspector Barrere was at all times here relevant the Commanding Officer of the 75th precinct and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. Inspector Barrere is sued in his individual and official capacities.

11. All other individual defendants are members of the NYPD, and are sued in their individual and official capacities.

12. At all times here mentioned defendants were acting under color of state law, to

wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

13. Within 90 days of the events giving rise to this claim, plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

14. On October 22, 2005, at approximately 10:20 p.m., plaintiff was in the vicinity of 513 Sheffield when he was stopped and searched by the defendant police officers without reasonable suspicion, probable cause or with any reasonable belief that the officers were in danger. The officers found nothing unlawful or dangerous in the possession of the plaintiff, and at no time was the plaintiff engaging in any unlawful conduct.

15. The defendant officers assaulted and battered plaintiff, causing serious injuries.

16. The defendant officers then arrested plaintiff without probable cause. Plaintiff requested medical treatment while in custody, but the defendant officers refused.

17. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

18. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

19. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

  a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

  b. Violation of his New York State constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

  c. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

  d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

  e. Physical pain and suffering, requiring the expenditure of money for treatment;

  f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, financial loss, and property damage;

  g. Loss of liberty;

  h. Attorney's and court fees.

### FIRST CAUSE OF ACTION
(ASSAULT)

20. Paragraphs one through 19 are here incorporated by reference.

21. Upon approaching plaintiff, and arresting him, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

22. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983

4

and the New York State Constitution.

23. Plaintiff was damaged by defendants' assault in the amount of Five Hundred Thousand ($500,000.00) Dollars.

## SECOND CAUSE OF ACTION
### (BATTERY)

24. Paragraphs one through 23 are here incorporated by reference.

25. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

26. Defendants used excessive and unnecessary force with plaintiff.

27. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

28. Plaintiff was damaged by the battery of the defendants in the amount of Five Hundred Thousand ($500,000.00) Dollars.

## THIRD CAUSE OF ACTION
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

29. Paragraphs one through 28 are here incorporated by reference.

30. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

31. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

32. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Hundred Thousand ($500,000.00) Dollars.

## FOURTH CAUSE OF ACTION
(MUNICIPAL LIABILITY)

33. Paragraphs one through 32 are here incorporated by reference.

34. The City, the Commissioner and the Inspector are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants and the others whose names are currently unknown.

35. The City, the Commissioner and the Inspector knew or should have known of their employees', agents, or servants' propensity to engage in the illegal and wrongful acts detailed above.

36. The aforesaid event was not an isolated incident. The City, the Commissioner and the Inspector have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the proper basis for an arrest, and the observations required to support probable cause. The City, Commissioner and Inspector are further aware, from the same sources, that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City, Commissioner and Inspector fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Additionally, the City, Commissioner and Inspector have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Further, there is no procedure to notify individual officers, or their supervisors, of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. The City is aware that all of the aforementioned has resulted in violations of

    C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
                 December 26, 2006

TO:    New York City
       Corporation Counsel Office
       100 Church Street, 4th floor
       New York, NY 10007

       Police Commissioner Raymond Kelly
       1 Police Plaza
       Room 1406
       New York, NY 10006

       Inspector Barrere
       75th Precinct
       1000 Sutter Avenue
       Brooklyn NY 11208

       Officer Walton Matos
       75th Precinct
       1000 Sutter Avenue
       Brooklyn NY 11208

       Police Officer Adrian Harris
       68th Precinct
       333 65th Street
       Brooklyn, NY 11220

       Sergeant John Marchello
       75th Precinct
       1000 Sutter Avenue
       Brooklyn NY 11208

Yours, etc.,

*Nicole Bellina* (signature)

NICOLE BELLINA, ESQ.
Bar #NB7154
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491
nicole_bellina@yahoo.com

Police Officer Michael Interdonati
75th Precinct
1000 Sutter Avenue
Brooklyn, NY 11220

Police Officer Renzo Silva
75th Precinct
1000 Sutter Avenue
Brooklyn, NY 11220